### CITY OF FORSYTH v. CRELLIN et al.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1914. Rehearing Denied March 10, 1914.)

No. 2290.

MUNICIPAL CORPORATIONS (§ 1007*)—CLAIMS—CONTRACTS—SUBMISSION.

Rev. Codes Mont. § 3278, provides that all contracts for work or for supplies or material for which more than $250 must be paid shall be let by the city council to the lowest, responsible bidder, etc. Section 3279 declares that no money must be paid to any person claiming under a contract with the city council until he has first filed with the clerk a statement under oath disclosing the names of all persons interested in the contract or the proceeds or profits thereof. Section 3280 provides for the alteration or modification of such contracts, and section 3281 declares that no allowance for extra work shall be made except by resolution, and an agreement as provided in the preceding section. *Held*, that a contract with the city for the construction of a waterworks system was governed by such provisions, and not by sections 3283, 3288, providing that all demands against the city or town must be itemized and verified and presented to the council for allowance within one year from the date of accrual, etc., and hence a claim for a balance due under such contract was not objectionable because not so verified.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1007.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District·Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action by E. W. Crellin and others, copartners doing business under the name and style of the Des Moines Bridge & Iron Company, against the City of Forsyth. Judgment for plaintiffs, and defendant brings error. Affirmed.

F. V. H. Collins, of Forsyth, Mont., and Gunn, Rasch & Hall, of Helena, Mont., for plaintiff in error.

Edward Horsky, of Helena, Mont., for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

. WOLVERTON, District Judge. This is an action upon contract to recover a balance of consideration for constructing a certain waterworks system for the town (now city) of Forsyth, Mont. An itemized statement of the account for construction, showing the alleged balance due the contractors, was presented to the city council for its approval, and it is alleged by the complaint that said city council approved said account and audited the same. The answer shows that the account was approved, but with certain deductions, leaving a balance due the contractor in a less sum than plaintiffs claim. The dispute is about the difference between these two theories of adjustment. Judgment was rendered in favor of the plaintiffs for the sum of $2,332.89, from which the city prosecutes a writ of error to this court.

The sole question presented here is whether the defendants in error have proven such a case as to entitle them to recover; the statement of account presented to the city council not having been verified. Plaintiff in error contends that they have not. This contention is based upon sections 3283 and 3288 of the Revised Codes of Montana. Section 3283 reads:

"3283. (§ 4812.) Accounts must be Itemized and Sworn to.—All accounts and demands against a city or town must be presented to the council, duly itemized and accompanied by an affidavit of the party or his agent, stating the same to be a true and correct account against the city or town for the full amount for which the same is presented, and that the same accrued as set forth, and with all necessary and proper vouchers, within one year from the date the same accrued; and any claim or demand not so presented within the time aforesaid is forever barred, and the council has no authority to allow any account or demand not so presented, nor must any action be maintained against the city or town for or on account of any demand or claim against the same, until such demand or claim has first been presented to the council for action thereon."

Section 3288 is the same as the one quoted, with this addition:

"Provided, however, that in case the total indebtedness of a city or town . has reached three per centum of the total assessed valuation of the taxable property of such city or town, as ascertained by the last assessment for state and county taxes, it shall be lawful for, and such city or town is hereby authorized and empowered to conduct its affairs and business on a cash basis as provided and contemplated by section 3287 (1) of this act."

It is claimed for these sections that a verification of the claim when presented to the city council for allowance is a condition precedent

to such allowance and to the institution of an action upon the same, and certain. decisions of the Supreme Court of the state of Montana are cited in support of the contention, namely, Helena Water Works Co. v. City of Helena, 27 Mont. 205, 70 Pac. 513, Helena Water Works Co. v. City of Helena, 31 Mont. 243, 78 Pac. 220, and Palmer v. City of Helena, 40 Mont. 498, 107 Pac. 512. Without attempting to analyze these decisions, it may be considered that they construe these sections as it is insisted. they do. We are of the opinion, however, that the sections have no application to the case in hand. Sections 3278 to 3281, inclusive, manifestly govern as to contracts of the kind entered into between the parties here. These sections are as follows:

"3278. Awarding Contracts.—All contracts for work, or for supplies, or material, for which must be paid a sum exceeding two hundred and fifty (250) dollars, must be let to the lowest, responsible bidder, under such regulations as the council may prescribe: Provided that no contract shall be let, extending over a period of three years, or more, without first submitting the question to a vote of the resident taxpayers of said city or town. [Act approved February 27, 1907, § 1.] (10th Sess. Chap. 48.)

"3279. (§ 4808.) Contractor, Oath of.—No money must be paid to any person claiming under a contract with the council, until such person has first filed with the clerk a statement, under oath, disclosing the names of all persons directly or indirectly interested in the contract, of the proceeds or profits thereof, declaring that no persons other than those named are interested, and that no person forbidden by this title has any interest in the same. (State v. Great Falls, 19 Mont. 527, 49 Pac. 18.)

"3280. (§ 4809.) Alteration and Modification of Contract, How Made.—When it becomes necessary in the prosecution of any work to make alterations or modifications of the specifications or plans of a contract, such alteration or modification must only be made by resolution of the council, and such resolution is of no effect until the price to be paid for the same is agreed to in writing, and signed by the contractor and approved by the council.

"3281. (§ 4810.) No Allowance for Extra Work.—No contractor must be allowed anything for extra work, caused by an alteration or modification unless a resolution is made and an agreement signed as provided in .the preceding section, nor must he, in any case, be allowed more for such alteration than the price fixed by such agreement."

We assume that the contract with the city was let in accordance with the law as declared by these sections, and that, if there were any alterations made or any extra work performed, the provisions with reference thereto were duly complied with.

These sections of the statute provide specially for letting contracts involving a consideration above $250, and for dealing with the contractor in relation to modifications and extra work. Before anything can be done, the city council must let the contract under such regulations as it may prescribe, and when let, all modifications or extra work done must be approved by resolution of the city council and agreed to. in writing.

Thus is provided a specific method by which the city may not only secure the work to be done, but may obligate itself to compensate the contractors for doing the work. The contract being perfected by compliance with the statute, and fully executed, the city becomes completely bound to the contractor to pay him at the time and in the manner stipulated in the contract.

Upon the other hand, it would seem the contractor would be entitled to his pay in pursuance also of the stipulations of the contract. The method thus prescribed for entering into a contract of the kind is complete within itself, and it would seem that no other conditions were designed to be imposed upon either the city or the contractor to entitle the latter to his compensation according to the stipulations of the contract which the law specifically empowers and authorizes the parties to make.

Sections 3283 and 3288, although quite comprehensive in language, reading "All accounts and demands against a city," were evidently intended to cover claims against the city arising in the ordinary course in carrying on the city government, in providing for the city's welfare in sundry directions, and in transacting the business and economic affairs of the city, but not on such contracts as are specifically provided for, which it must be presumed are designed to contain their own specific provisions, and, among other material and essential conditions, stipulations respecting the time and manner of the payment of the consideration on the part of the city.

As illustrative, the city by the contract in question covenants and agrees that it will well and truly pay to the contractor out of the waterworks fund, by warrants drawn thereon by order of the town council, certain specified sums for certain designated pieces of work, and that all payments for work under the contract shall be made in monthly installments of 85 per cent. of the contract price on the completed work, being any materials built in place, and the balance upon the final completion and final test of the said waterworks system, and the acceptance thereof by the town council and its duly qualified and acting engineer. Thus the time and amount of payment were definitely and specifically fixed and determined by express and explicit agreement between the parties, and all under the intendment of the statute, so that there could be no necessity for any verification of the claim or demand in order to fix upon the city its liability to the contractor to pay the stipulated consideration.

We are therefore impressed that it was not designed nor intended that sections 3283 and 3288 should apply to claims against the city of the character of the one in suit. While it might be necessary for the claimant to present such a claim to the city council before suit could be maintained, yet we think it was not the purpose of the statute that such claims should be verified as a condition precedent to the city council's allowance thereof, or to the institution of an action against the city.

These considerations lead to an affirmance of the judgment of the District Court; and it is so ordered.