AMERICAN-LA FRANCE FIRE ENGINE CO., Inc., v. CITY OF ASTORIA.

(District Court, D. Oregon. December 7, 1914.)

No. 6406.

MUNICIPAL CORPORATIONS (§ 230*)—POWERS—CONTRACTS—AUTHORITY—FORM —ORDINANCE OR MOTION.

Astoria City Charter, § 38, conferred on the city council power to maintain a fire department and provide apparatus, and appropriate money to pay the expenditures from any fund applicable thereto, provided that no bill should be contracted by any officer of the city without first sending to the council a written requisition therefor, and if the council deemed the supplies necessary they should authorize the proper committee to purchase them, and further provided that the authority given to the council by such section could only be exercised by ordinance, unless otherwise provided. Section 124 declared that the city should not be bound by any contract unless authorized by ordinance and made in writing or by order of the council. A committee of the council in charge of the fire department recommended the purchase of apparatus, on which the council by motion authorized the committee to act, and later the committee recommended to the council that it be authorized to contract with plaintiff's agent for the apparatus, on which authority the contract for the apparatus was made. *Held*, that the contract was not void, because the authority was conferred pursuant to a motion, instead of by ordinance, in conformity with the requirements of section 124.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 654-656; Dec. Dig. § 230.*]

At Law. Action by American-La France Fire Engine Company, Incorporated, against the City of Astoria. On demurrer to complaint. Overruled.

Fulton & Bowerman, of Portland, Or., for plaintiff.
A. W. Norblad, of Astoria, Or., and A. R. Wollenberg, of Portland, Or., for defendant.

WOLVERTON, District Judge. This is an action to recover against the city of Astoria, on a contract entered into by and between plaintiff and the fire and water committee for the city, the cost price of a six-cylinder combination pump hose and chemical car, to be used as fire apparatus in extinguishing conflagrations in the city. The liability of the city upon the contract is challenged by demurrer to the complaint. The question presented is whether the fire and water com-

mittee had the requisite power and authority to enter into the contract on the part of the city and in its behalf.

There is a miscellaneous provision in the city charter declaring that:

The city "is not bound by any contract, or in any way liable thereon, unless the same is authorized by city ordinance, and made in writing, and by order of the council, signed by the auditor and police judge, or some other person duly authorized on behalf of the city." Section 124, Charter.

The city council is accorded power and authority under the charter to do numerous things (section 38), among which is "to establish and maintain a fire department," to appoint fire commissioners, to make and ordain rules for the government of the department, and to provide engines and other apparatus therefor (paragraph 42, § 38), and to appropriate money to pay the debts, liabilities, and expenditures of the city, or any part or item thereof, from any fund applicable thereto:

"Provided, that no bills shall be contracted by any person or officer of the city without first sending to the common council a written requisition therefor, stating the items needed with the cost thereof, and, if the council deem the supplies necessary, they shall authorize the proper committee to purchase the same." Paragraph 33, § 38.

It is further provided that the power and authority given to the council by section 38 "can only be exercised or enforced by ordinance, unless otherwise provided." In pursuance of its power and authority, the city council by ordinance created a fire department, declaring that the powers and duties thereof should be exercised by and through the committee on fire and water, the committee being composed of members of the common council, and it was provided, among other things, that the commissioners "shall purchase all supplies for the fire department, and order all necessary repairs, subject to the ordinances of the city."

Now, acting perhaps as the committee and the common council deemed they had a legal right and were empowered to do, the committee, on July 21, 1913, addressed to the mayor and common council a recommendation that said committee be authorized to obtain prices for another fire apparatus, and, acting upon the recommendation, the common council adopted a motion authorizing the committee to act. On August 4th the committee, by a report to the common council, recommended that it (the committee) be authorized to enter into a contract with A. G. Long, agent of the American-La France Fire Engine Company, for supplying the apparatus in question. The contract was subsequently made on the part of the committee in pursuance of this authority.

It is objected to the validity of the contract that its execution on the part of the city was not authorized in conformity with the requirements of section 124 of the charter. In an analogous case in the Supreme Court of the state of Oregon, wherein it was sought to have applied the identical provision in bar of a recovery on contract with the city, the court held that, as the charter had conferred special power upon the common council touching the subject-matter of the contract, the more general provision was without application. Beers v. Dalles City, 16 Or. 334, 18 Pac. 835. There it was said:

218 F.—31

"The council, having full power over the subject, may exercise it in any manner that may be most convenient."

And it was further said, the court speaking through Mr. Justice Strahan:

"I think that section was designed to apply to those cases, and only to those, where an ordinance is required by the charter, and where the work is expressly required to be let to the lowest responsible bidder, after notice, as in section 86 of the charter."

The principle was applied in a recent case in the Circuit Court of Appeals for this circuit (City of Forsyth v. Crellin, 210 Fed. 835, 127 C. C. A. 385), wherein it is said:

"Thus is provided a specific method by which the city may not only secure the work to be done, but may obligate itself to compensate the contractors for doing the work."

In the present case the fire department was created by ordinance, and the common council was proceeding in pursuance of its special authority to create a fire department and to provide engines and other apparatus therefor, wherein it authorized the execution by the committee of the contract in question, and I am impressed, in the light of the case of Beers v. Dalles City, supra, that the contract is legal and binding upon the city, and so hold.

From the complaint it appears that, in reliance upon the contract, the plaintiff constructed the apparatus in New York and shipped it to Astoria, where it was duly tested by the committee and found to be up to the requirements of the contract, so that in justice and good conscience the city ought to pay the stipulated purchase price. The city did not in the end accept or appropriate the apparatus to its own use, so that there was not an executed contract, and the city is not bound on that principle, as urged by plaintiff.

The demurrer will be overruled; and it is so ordered.